UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICK LIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| BANKERS STANDARD INSURANCE | § | |
| COMPANY AND ROBERT BODDIE, | § | |
| | § | |
| *Defendants*. | § | |

DEFENDANT BANKERS STANDARD INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Bankers Standard Insurance

Company ("BSIC" or "Defendant") files this Notice of Removal and respectfully shows:

**I.**
<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

A.     THE PARTIES

1.     Plaintiff Rick Lin ("Lin" or "Plaintiff") is an individual who resides and is

domiciled in Hidalgo County, Texas.

2.     BSIC is a Pennsylvania corporation with its principal place of business in

Pennsylvania.

3.     Defendant Robert Boddie ("Boddie") is an individual who is domiciled in Texas

and resides in Harris County, Texas. Upon information and belief, Boddie has not been served

with process. In any event, Boddie has been improperly joined to this action and, therefore, his

citizenship should be disregarded for purposes of establishing subject matter jurisdiction.

B.      THE ACTION

4.      This is an insurance dispute arising from alleged storm damage caused by wind and hail. [*See* Pl.'s Pet. at 3.] Lin contends that his property located 1905 Hidden Pond Drive, Palmhurst, Texas 78572 (the "Property") was damaged by a wind-and-hail storm occurring March 26, 2015. [*Id*.] At the time of the storm, Lin alleges that BSIC insured the Property under policy number 268046913H (the "Policy") and, therefore, he made a claim under the Policy for storm damage. [*Id*.]

5.      Lin brought this suit against BSIC alleging that it "wrongfully denied" the claim. [*Id*.] Lin's petition is a boilerplate pleading and continuously refers to BSIC as the "INSURANCE DEFENDANT." In connection with the insurance claim, Lin claims that the "INSURANCE DEFENDANT" breached the Policy and the common-law duty of good faith and fair dealing, and violated the Texas Insurance Code. [*Id*. at 6-8.] Lin's extra-contractual claims against BSIC are conclusory and lack a factual basis.

6.      Lin also brought suit against Boddie. Lin's allegations against Boddie are nearly identical to the allegations contained in numerous pleadings being filed across Texas. Lin's petition continuously refers to Boddie as the "ADJUSTER DEFENDANT" and contends that the "ADJUSTER DEFENDANT conducted an outcome-oriented investigation" with respect to the insurance claim. [*See* Pl.'s Pet. at 3.] As a result, Lin's petitions asserts that the "ADJUSTER DEFENDANT" violated numerous provisions of the Texas Insurance Code.

7.      As discussed more fully below, Lin's conclusory, form pleading is unable to establish a cause of action against Boddie and, therefore, Boddie has been improperly joined. Consequently, BSIC respectfully removes this action to federal court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446.

## II.
## REMOVAL IS PROPER

8.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9.      Although he need not consent to removal as BSIC contends that he was improperly joined, Boddie consents to this Notice of Removal. Moreover, according to the Clerk's docket sheet, Boddie has not been served. Therefore, his consent is not required. *See Sam v. Wells Fargo Bank, N.A.*, 4:15-CV-03194, 2016 WL 3002359, at \*7 (S.D. Tex. May 20, 2016). Nevertheless, Boddie consents to removal of this action.

**A.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPER PARTIES**

10.     Complete diversity exists amongst the properly joined parties. Specifically, Lin is a citizen and resident of Texas, and the properly joined defendant—BSIC—is a Pennsylvania corporation with its principal place of business in Pennsylvania. Boddie is a resident and citizen of Texas who has been improperly joined to defeat this Court's diversity jurisdiction. Accordingly, Boddie's citizenship should be disregarded for jurisdictional purposes and complete diversity of citizenship exists between the proper parties.

**B.      LIN IMPROPERLY JOINED BODDIE**

11.     The doctrine of improper joinder allows a defendant to remove a case to a federal forum if an in-state defendant was joined to defeat federal jurisdiction. *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Improper joinder exists when (1) there is actual fraud in the pleading of jurisdictional facts or (2)

the plaintiff is unable to establish a cause of action against the non-diverse defendant. *See Smallwood*, 385 F.3d at 573. Under the second scenario, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. "[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.

12.     The Fifth Circuit recently held that courts are to use the federal pleading standard when conducting the Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C.,* 818 F.3d at 200. Consequently, "Rule 8 and—in specific circumstances—Rule 9 provide the statutory component of the federal pleading standard" under which Rule 12(b)(6) operates to determine whether a party has been improperly joined. *Id*. at 203.

13.     To survive dismissal under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires more than a "sheer possibility" of misconduct and bare legal conclusions that are unsupported by factual underpinnings do not state a viable claim. *Id*.**Error! Bookmark not defined.** A claim is plausible if the pleading contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the allegations. *Id*. A "formulaic recitation of the elements of a cause of action will not do." *Id*. at 677**Error! Bookmark not defined.**-78. Additionally, "[c]laims alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims falling under Rule 9(b) must state with particularity the "who, what, when, where and how of the events at issue" to be plausible.

*See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. **Error! Bookmark not defined.**2008).

14.     Here, Lin fails to state a claim for relief against Boddie which survives a 12(b)(6)-type analysis. All of the claims asserted against Boddie are for alleged violations of the Texas Insurance Code. [*See* Pl.'s Pet. at 8-10.] These claims are subject to the requirements of Rule 9(b). *Frith,* 9 F. Supp. 2d at 742; *see also Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015); *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014), *report and recommendation adopted,* 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014).

15.     Lin's petition fails to meet Rule 9(b)'s who-what-when-where-how requirements, and it provides nothing more than unsupported conclusory claims. For instance, Lin claims that Boddie is liable for "misrepresenting one or more material facts and/or policy provisions relating to coverage." [*See* Pl.'s Pet. at 8.] However, nowhere in the petition does Lin identify what was said and to whom, and why and how any statements were false.

16.     Moreover, Lin's claims against Boddie fail to meet the standard under Rule 8(a)(2). Lin's petition merely establishes that Boddie was connected to the insurance. It does not, however, establish that Boddie actually violated any provision of the Texas Insurance Code. Lin must plead facts that demonstrate specific conduct prohibited by the Texas Insurance Code. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) ("But for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage.").

17.     The mere fact that Lin disagrees with the scope of damages does not give rise to extra-contractual liability. *See JM Walker LLC v. Acadia Ins. Co.*, 356 Fed. Appx. 744, 747 (5th Cir. 2009) ("A bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith.") (internal brackets omitted). Indeed, Texas Insurance Code violations cannot be inferred even if Boddie prepared an estimate that Lin apparently believes is not accurate. *See Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC*, 2016 WL 1073051, at *4 (N.D. Tex. Feb. 3, 2016), *report and recommendation adopted*, 1:15-CV-0111-P-BL, 2016 WL 1059677 (N.D. Tex. Mar. 17, 2016) (dismissing Texas Insurance Code claims because "substantial disparity" between insurer's estimate and insured's estimate did not amount to a statutory violation).

18.     Moreover, the petition's allegations are conclusory and lack factual enhancement, and are nothing more than a regurgitation of the text of the Texas Insurance Code. Here, a number of Lin's allegations against Boddie merely track the language of the Texas Insurance Code. [*See* Pl.'s Pet. at 8-9.] Courts routinely hold that similar allegations fail to meet the federal pleading standard. *See, e.g., Fernandez v. Allstate Fire & Cas. Ins. Co.*, 3:15-CV-2689-D, 2015 WL 6736675, at *3 (N.D. Tex. Nov. 4, 2015) (noting that "conclusory allegations that merely track the terms of the statutory provisions" are insufficient to withstand a 12(b)(6)-type analysis); *Studer v. State Farm Lloyds,* 4:13CV413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014) (holding that the plaintiff's claims against the insurance adjuster "fail[ed] to allege sufficient facts that would make any claim against [him] in his individual capacity plausible" and that "[t]he Court must ignore all conclusory statements."); *DeCluette v. State Farm Lloyds*, 3:12-CV-4449-B, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013)  (denying a motion to remand and noting that the claims against the insurance company and adjuster failed to specify the conduct of each party and that the allegations were improperly conclusory and recited elements of causes of

action). Here, Lin's allegations against Boddie are nothing more than labels, conclusions and formulaic recitations of the elements of causes of action. Consequently, Lin's petition fails to state a claim against Boddie.

19.     Additionally, at the time of this removal, Lin has failed to effect service on Boddie. Lin's tardiness in effecting service on Boddie demonstrates that he was improperly joined and that Lin does not actually intend on actively pursuing claims against him. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Crawford v. Allied Prop. & Cas. Ins. Co.*, 2017 WL 4079544, at *5 (E.D. Tex. Aug. 30, 2017), *report and recommendation adopted*, 2017 WL 4076407 (E.D. Tex. Sept. 14, 2017).

20.     Further, multiple courts have determined that insurance adjusters, such as Boddie, cannot be liable under the sections of the Texas Insurance Code asserted by Lin. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016) (determining that an insurance adjuster cannot be held liable under Texas Insurance Code §§ 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 542.003(b)(3), 542.003(b)(3)); *Vallejo v. Allstate Vehicle & Prop. Ins. Co.*, 7:17-CV-94, 2017 WL 2240796, at *3 (S.D. Tex. May 23, 2017) ("Plaintiff's causes of action pursuant to §§ 541.060(a)(2), (a)(3), and (a)(4) likewise fail to survive the Rule 12(b)(6) legal standard. This Court has found that these sections apply only to insurers."); *Slabaugh v. Allstate Ins. Co.*, 4:15CV115, 2015 WL 4046250, at *4 (E.D. Tex. June 30, 2015) (holding that an insurance adjuster could not be held liable under Texas Insurance Code §§ 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7)); *One Way Investments, Inc. v. Century Sur. Co.*, 3:14-CV-2839-D, 2014 WL 6991277, at *3-5 (N.D. Tex. Dec. 11, 2014) (holding that an insurance adjuster could not be held liable under §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(4)(A)); *see also Texas City Patrol, LLC v. El Dorado Ins. Agency, Inc.*, 2016 WL

3748780, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (determining that the trial court properly granted insurance agent's motion to dismiss since an insurance agent cannot be liable under §§ 542.003, 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) as a matter of law). Consequently, Lin's claims against Boddie fail as a matter of law. Therefore, Lin's claims against Boddie are intended solely to deprive this Court of jurisdiction, and Boddie's citizenship should be disregarded in determining the Court's jurisdiction. Moreover, for the same reasons, all claims against Boddie should be dismissed.

**C.      THE AMOUNT-IN -CONTROVERSY REQUIREMENT IS SATISFIED**

21.      Lin's petition provides that he seeks "monetary relief, the maximum of which is more than $200,000." [Pl.'s Pet. at 14.] Although BSIC disputes liability and damages, it is evident from the petition that Lin purports to allege claims for monetary relief that, if granted, would exceed $75,000.00. Therefore, based on Lin's claims for damages, the amount-in-controversy requirement is satisfied.

**D.      REMOVAL IS TIMELY AND ALL PROCEDURAL REQUIREMENTS ARE SATISFIED**

22.      BSIC was served on September 18, 2017. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999); *see also Powe v. Deutsche Bank Nat'l Trust Co.,* 2015 WL 10013787, at *3 (E.D. Tex. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 475181 (E.D. Tex. Feb. 8, 2016).

23.      In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, BSIC has attached the following:

| Exhibit | Description | Date Filed in State Court |
|---------|-------------|---------------------------|
| A | Docket Sheet from State Court | N/A |
| B | Petition | 8/31/2017 |
| C | Citation and Proof of Service on Bankers | 9/26/2017 |
| D | Bankers' Answer | 10/4/2017 |
| E | List of Counsel | N/A |

24.     Contemporaneously with the filing of this Notice of Removal, BSIC is giving written notice of the removal to all adverse parties through their attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

25.     Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal is proper. Venue is proper for removal to this District pursuant to 28 U.S.C. §§ 124 and 1441(a) because this District and Division embrace the place in which the State Court Action is pending.

### III.
### CONCLUSION

WHEREFORE, BSIC respectfully requests that this action now pending in the 92nd District Court of Hidalgo County, Texas be removed to the United States District Court for the Southern District of Texas, McAllen Division. BSIC further requests that this Court grant it any such other and further relief to which they may be justly entitled.

Respectfully submitted:

By: /s/ *Stephen Pate*
        Stephen Pate
        *Attorney-in-Charge*
        State Bar No. 15566500
        S.D. Tex. No. 1066
        spate@cozen.com
        **COZEN O'CONNOR**
        LyondellBasell Tower
        1221 McKinney, Suite 2900
        Houston, TX 77010
        Telephone:  (832) 214-3957
        Telecopier:  (832) 706-3423

*-and-*

> Donnie M. Apodaca, II
> *Of Counsel*
> State Bar No. 24082632
> S.D. Tex. No. 2069976
> dapodaca@cozen.com
> **COZEN O'CONNOR**
> 1717 Main Street, Suite 3400
> Dallas, Texas 75201-7335
> Telephone:  (214) 462-3000
> Telecopier:  (214) 462-3299

> **ATTORNEYS FOR BANKERS STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This certifies that, on October 12, 2017, a true copy of the foregoing was served on the

following counsel of record via mail pursuant to the Federal Rules of Civil Procedure:

> Kevin S. Baker
> kevin@krwlawyers.com
> Amy C. Gurecky
> amy.gurecky@krwlawyers.com
> KETTERMAN ROWLAND & WESTLUND
> 16500 San Pedro, Suite 302
> San Antonio, Texas 78232
> *Attorneys for Plaintiff*

> */s/ Donnie M. Apodaca, II*
> Donnie M. Apodaca, II